UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ALEASE B. GAINEY,            )<br>                              )<br>      Plaintiff,             )<br>                              )<br>      -vs-                    )<br>                              )<br>                              )<br>KINGSTON PLANTATION, SHELIA   )<br>E. MORGAN INTERIORS, and JASON)<br>E. SIMMONS,                   )<br>      Defendants.             )<br>_____)  | Civil Action No.: 4:06-3373-RBH-TER<br><br><br>**REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

In the present case, Plaintiff alleges causes of action for sexual discrimination, racial discrimination, and discrimination based on national origin, all pursuant to 42 U.S.C. § 1981, as well as state law causes of action for false arrest, battery, emotional outrage, and negligence. Defendant Hilton Hotels Corp. (Hilton), incorrectly identified in the Complaint as Kingston Plantation, has filed a Motion for Judgment on the Pleadings (Document # 19) as to Plaintiff's claims of sexual discrimination, discrimination based on national origin, false arrest, battery, and emotional outrage. In her Response (Document # 31), Plaintiff concedes that her causes of action for false arrest, battery and emotional outrage are inapplicable to Hilton and notes that Hilton's Motion should be granted as to those claims. As such, only Hilton's arguments as to Plaintiff's claims of sexual discrimination and discrimination based on national origin will be addressed herein. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.   FACTUAL ALLEGATIONS

In November of 2004, Plaintiff, who is of Jamaican nationality, was employed as a housekeeper at one of Hilton's hotels in Myrtle Beach, South Carolina. Complaint at ¶ 5. Defendant Jason Simmons was working for Defendant Sheila Morgan Interiors. Id. Defendant Simmons went into a room Plaintiff was cleaning and left her a note to call a certain number "for a good time." Id. at ¶ 6. Plaintiff complained to one of her supervisors at the hotel about the note, who forwarded Plaintiff's complaint to Sheila Morgan. Id. at ¶ 7. Subsequently, Defendant Simmons approached Plaintiff in the hallway of the hotel, wearing only a shirt, boxer shorts, and socks. Id. at ¶ 9. He asked for a wash cloth and asked Plaintiff to take a break. Id. She gave him the wash cloth but told him that she did not want to take a break. Id. Defendant Simmons grabbed Plaintiff's right wrist and tried to pull her into the room in which he was working. Id. Plaintiff was able to break away. Id.

## III.   STANDARD OF REVIEW

Hilton files its motion pursuant to Rule 12(c), Fed.R.Civ.P. The same standard is applied for a Rule 12(c) motion as one made pursuant to Rule 12(b)(6). Burback Broadcasting Company of Delaware v. Elkins Radio Corporation, 278 F.3d 401, 406 (4th Cir.2002). A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may grant the relief only if there is no issue of fact and the moving party is entitled to judgment as a matter of law. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, all reasonable inferences are afforded to the non-moving party. See Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir.1993).

**IV.   DISCUSSION**

Hilton asserts that Plaintiff's claims for sexual discrimination and discrimination based on national origin pursuant to 42 U.S.C. § 1981 should be dismissed because race is the only protected class under § 1981.

To establish a claim for discrimination under § 1981, Plaintiff must allege and prove (1) she is a member of a <u>racial</u> minority, (2) the adverse employment action was based on her <u>race</u>, and (3) Defendant's discrimination was intentional. <u>Jordan v. Alternative Resources Corp.</u>, 458 F.3d 332, 345 (4th Cir. 2006) (citing <u>Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 7 F.3d 1085, 1087 (2d Cir.1993). Furthermore, courts have recognized that § 1981 does not apply to employment discrimination claims based on gender or national origin. See <u>Bobo v. ITT Continental Baking Co.</u>, 662 F.2d 340, 342 (5th Cir. 1981) ("although § 1981 strikes at many forms of racial discrimination, no court has held that allegations of gender based discrimination fall within its purview"); <u>St. Francis College v. Al-Khazraji</u>, 481 U.S. 604, 613 (1987) (holding that Plaintiff could maintain an action under § 1981 if he "can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin").

Plaintiff argues that Hilton misunderstands the Supreme Court's holding in <u>St. Francis College</u>. According to Plaintiff, her claim of discrimination based on her Jamacian origin should go forward just as the Arab plaintiff in <u>St. Francis College</u>. However, the question in <u>St. Francis College</u>, was whether "Arab" was considered a race separate from "Caucasian." The court concluded that at the time § 1981 was passed, Congress intended to protect from discrimination identifiable classes of persons, including Arabs, who were subjected to intentional discrimination solely because of their ancestry or ethnic characteristics. <u>Id.</u> at 613. Importantly, the Court stated

that "if respondent on remand can prove that he was subjected to intentional discrimination based on the fact that he was born an Arab, rather than solely on the place or nation of his origin, or his religion, he will have made out a case under § 1981." Id.  Simply put, the Court recognized that Plaintiff could bring a case under § 1981 based upon his Arabian race.

In the present case, Plaintiff has brought claims of both racial discrimination and discrimination based on national origin.  Plaintiff's claim of racial discrimination is proper at this stage in the litigation and Hilton does not argue otherwise.  However, Plaintiff's separate cause of action for discrimination based on her Jamacian origin is not proper and should be dismissed.[1]  See Von Zuckerstein v. Argonne Nat. Laboratory, 984 F.2d 1467 (7th Cir. 1993);  Jadali v. Alamance Regional Medical Center, 399 F.Supp.2d 675 (M.D.N.C.2005); Pisharodi v. Valley Baptist Medical Center, 393 F.Supp.2d 561 (S.D.Tex.2005); Schilling v. Rutherford Pediatrics, P.A., 346 F.Supp.2d 828 (W.D.N.C. 2004); Ganthier v. North Shore-Long Island Jewish Health System, Inc., 345 F.Supp.2d 271 (E.D.N.Y. 2004);  Chimarev v. TD Waterhouse Investor Services, Inc., 280 F.Supp.2d 208 (S.D.N.Y.2003);  Rawlins-Roa v. United Way of Wyandotte County, Inc., 977 F.Supp. 1101 (D.Kan.1997).

Plaintiff also argues that St. Francis College recognizes a cause of action for gender discrimination.  However, the Supreme Court makes no such holding and Plaintiff has not cited to any other case law to support her argument.  As such, Plaintiff's claim for gender discrimination is also improper and should be dismissed.  See Kilcrease v. Coffee County, Ala., 951 F.Supp. 212

---

[1] Plaintiff also cites to Duane v. GEICO, 37 F.3d 1036 (4th Cir. 1994), for its argument that § 1981 prohibits discrimination on the basis of alienage.  However, Duane, interpreted § 1981 as it existed before it was amended by the Civil Rights Act of 1991.  Thus, its analysis is inapplicable to the present case.

(M.D.Ala.1996); Messer v. Meno, 936 F.Supp. 1280 (W.D.Tex.1996); Yaba v. Cadwalader, Wickersham & Taft, 931 F.Supp. 271 (S.D.N.Y.1996); Hartman v. Smith & Davis Mfg. Co., 904 F.Supp. 983 (E.D.Mo.1995); Taylor v. Shell Offshore, Inc., 700 F.Supp. 314 (M.D.La.1988).

## V.    CONCLUSION

In light of the above analysis, it is recommended that Hilton's Motion for Judgment on the Pleadings (Document # 19) be granted and Plaintiff's claims of sexual discrimination, discrimination based on national origin, false arrest, battery and outrage be dismissed as they are alleged against Hilton.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

January 17, 2008  
Florence, South Carolina

**The parties' attention is directed to the important notice contained of the following page.**