IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alease B. Gainey, ) | Civil Action No.: 4:06-3373-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Kingston Plantation, Sheila E. Morgan ) | |
| Interiors, and Jason E. Simmons, ) | |
| ) | |
| Defendants. ) | |
| ) | |

In this matter, the plaintiff, Alease B. Gainey ("Gainey"), alleges as a federal claim violation of 42 U.S.C. § 1981.[1] She also alleges state common law claims for false arrest, battery, negligence, and intentional infliction of emotional distress. This matter is before the Court on defendant Kingston Plantation's[2] motion for judgment on the pleadings (Docket Entry #19), filed May 3, 2007 and defendant Sheila Morgan Interiors' motion for summary judgment (Docket Entry # 23), filed on June 22, 2007.

Pursuant to the provisions of Title 28 U.S.C. § 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), (D.S.C.), all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration. This matter is now before the undersigned for review of two Reports and Recommendations, Docket Entry Numbers [68] and [69], both of which were filed by United States Magistrate Judge Thomas E. Rogers, III, on January 17, 2008. Magistrate Judge Rogers

---

[1] Plaintiff alleges violations of 42 U.S.C. § 1981 based on sex, race, and national origin.

[2] The Answer filed on behalf of defendant, Kingston Plantation, indicates that it should have been designated as Hilton Hotels, Corp. (*See* Docket Entry # 11.)

1

recommends in his first Report entered in this case (Docket Entry # 68) that defendant Kingston Plantation's motion for judgment on the pleadings as to some of the claims pending against it should be granted. In his second report (Docket Entry #69), Magistrate Judge Rogers recommends that the motion for summary judgment by defendant Sheila Morgan Interiors be granted as to all claims against this defendant.

Neither party has filed objections to Docket Entry #68, the Report which dealt with the motion for judgment on the pleadings filed by defendant Kingston Plantation. Therefore, the Court accepts the recommendation of the Magistrate Judge that Kingston's motion for judgment on the pleadings be granted and the plaintiff's claims against Kingston for sexual discrimination, discrimination based on national origin, false arrest, battery, and outrage are dismissed. The case shall proceed at this time against Kingston on the plaintiff's remaining claims.[3]

Plaintiff filed objections to the second Report, which recommended that summary judgment be granted to defendant Sheila Morgan Interiors, on January 28, 2008. On February 1, 2008, defendant Sheila Morgan Interiors filed a response to the plaintiff's objections.

In conducting its review, this Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections . . .. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections

---

[3] The remaining "Kingston" claims are a § 1981 claim based on race and a state common law claim based on negligence. A Report and Recommendation has not yet been prepared regarding the Motion for Summary Judgment filed by defendant Kingston Plantation on December 28, 2007.

have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

### Facts

The Court agrees with the factual and procedural background as set forth by the Magistrate Judge in his Report and Recommendation.

### Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the Court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the defendant is the moving party and the plaintiff has the ultimate burden of proof on an issue, the defendant must identify the parts of the record that demonstrate the plaintiff lacks sufficient evidence. The nonmoving party, here the plaintiff, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

**Discussion of Plaintiff's Objections Regarding Claims Against Sheila Morgan Interiors**

**Plaintiff's Section 1981 claim based on her sex**

Plaintiff's first objection to the report alleges that the Magistrate Judge erroneously recommended granting summary judgment on Plaintiff's claim for sexual discrimination under 42 U.S.C. § 1981. Plaintiff bases her argument on *St. Francis College v. Al-Khazraji*, 481 U.S. 604 (1987). The Court finds *St. Francis College* inapposite, as the case simply held that a person of Arabian descent may sue under 42 U.S.C. § 1981 on the basis of racial discrimination. The plaintiff's argument that she should be allowed to pursue a sexual discrimination claim based on 42 U.S C. § 1981 lacks merit.

**Plaintiff's State Law Claims Based on Respondeat Superior**

The plaintiff next argues that defendant's summary judgment motion should be denied as to various state law claims on the basis of the doctrine of respondeat superior.  Plaintiff asserts that defendant Simmons (herein referred to by his correct name, Smith) was acting within the scope of his employment as an installer and delivery man when he committed the alleged assault upon her.  She asserts that Smith was working on behalf of Sheila E. Morgan Interiors in a unit at the Kingston Plantation when he came out of the room in his boxer shorts, a baseball cap, and his shoes and socks and asked her for a washcloth to use in connection with his work for Sheila Morgan. Smith allegedly grabbed Plaintiff's hand and attempted to pull her toward him.

"A plaintiff seeking recovery from the master for injuries must establish that the relationship

4

existed at the time of the injuries, and also that the servant was then about his master's business and acting within the scope of his employment. . . An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business." *Armstrong v. Food Lion, Inc.*, 371 S.C. 271, 639 S.E.2d 50, 52 (2006) ( Food Lion not liable where its employees attacked a customer who was shopping in the store). The Court agrees with the Magistrate Judge that the acts complained of by Smith were committed outside the scope of his employment and that Sheila Morgan is thus not liable for them under the doctrine of respondeat superior. Therefore, the plaintiff's objection in this regard is overruled.

**Plaintiff's Negligence Claim**

Plaintiff next contends in her objections that Sheila Morgan negligently hired Smith, knowing that he had a criminal record back when he was sixteen for larceny and breaking and entering for which he had been sentenced to three years probation while a minor. She also contends that further investigation would have revealed a probation violation by Smith in that he failed a drug test for marijuana. She also contends that there was no evidence that the company had a policy against sexual harassment and that her claim for negligent supervision accordingly should not be dismissed.

As noted by the Magistrate Judge and argued by the defendant, the record does not contain evidence that Sheila Morgan knew or had reason to know at the time of hiring that Smith would be dangerous to women or that any assault by him would be foreseeable.   Even had the defendant learned of the probation violation, this would not have put her on notice of such danger.  As to negligent supervision, defendant correctly avers that, even if defendant had a duty to promulgate a sexual harassment policy, plaintiff cannot prove a causal connection between failure to have such a policy and the plaintiff's alleged injuries.

**Conclusion**

For the foregoing reasons, the Court overrules all objections to the Magistrate Judge's [69] Report and Recommendation, adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, the defendant Sheila Morgan Interior's motion for summary judgment is **GRANTED**. Additionally, no objections have been filed regarding the Magistrate Judge's [68] Report and Recommendation that judgment on the pleadings be granted to defendant Kingston Plantation as to the plaintiff's sexual discrimination, discrimination based on national origin, false arrest, battery, and outrage claims. Therefore, the Court adopts [68] Report and Recommendation and incorporates it by reference. The case is recommitted to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

Florence, South Carolina
March 14, 2008